IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DAVID E. LYONS, Jr.,         )
                             )
    Plaintiff,               )
                             )    CIVIL ACTION NO.
    v.                       )    2:12cv278-MHT
                             )         (WO)
DARDEN RESTAURANTS, INC.     )
d/b/a LONGHORN STEAKHOUSE,   )
                             )
    Defendant.               )
```

OPINION

In this lawsuit brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq., the court has before it the parties' joint motion for approval of an amended settlement agreement. The court also has before it the amended settlement agreement signed by all parties. Today, a hearing was held on the motion for approval.

Plaintiff David E. Lyons, Jr., filed his complaint against defendant Darden Restaurants, Inc. in federal court, asserting that the company improperly classified him as an exempt employee and denied him overtime pay

based on that incorrect status. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

Later, the parties filed the pending motion for approval of the amended settlement agreement. When an employee brings a private action under the FLSA and presents a proposed settlement agreement to the district court, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's FoodStores, Inc. v. United States Dept. Of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982).

At the hearing on the motion, the parties' counsel represented that the agreement was fair and reasonable. Further, Lyons stated that he was satisfied with the agreement, which provides that he is to receive $ 4000, with $ 400 of that to go to his attorney. Further, the parties represented that they had deleted provisions in the agreement that would have prevented Lyons from disclosing the terms and existence of the settlement

2

unless required under law and would have prevented him from bringing legal claims unrelated to FLSA.  See Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1283-84 (M.D. Ala. 2011) (Thompson, J.) (finding that confidentiality provisions unequally benefit the employer and frustrate FLSA goals); id. at 1284 ("[A]n employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA.") (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (Merryday, J.)); on July 3, 2014;  Todd v. Daewon Am., Inc., 2014 WL 2608454 (M.D. Ala. June 11, 2014) (Thompson, J.)  ("the parties must have some reason, other than their own mere desire, to override the public's interest in open judicial records"); see also Elizabeth Wilkins, Silent Workers, Disappearing Rights: Confidential Settlements and the Fair Labor Standards Act, 34 Berkeley J. Emp. & Lab. L. 109, 113 (2013) ("Congress's intent to protect both the

3

public's interest in a well-functioning economy and the vulnerable worker subject to unequal bargaining dynamics militates against secret settlements").

Having reviewed the amended agreement and considered the representations made by the parties and their counsel, the court finds that the parties have reached an agreement based on a negotiated, good-faith compromise of a bona-fide dispute over application of relevant provisions of the FLSA and of wages owed under the FLSA based on the assertion that Lyons was not properly compensated for his overtime work.  The court, therefore, finds that the amended agreement reflects a fair and reasonable resolution of the dispute between the parties.

The court will grant approval of the amended agreement.

***

An appropriate judgment granting the motion for approval of the proposed amended settlement agreement will be entered.

DONE, this the 3rd day of July, 2014.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**